IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:15-cr-00173-AA<br>**OPINION AND ORDER** |
| v. | |
| ERNEST LUTHER TAYLOR, | |
| Defendant. | |

AIKEN, District Judge:

This matter comes before the Court on defendant Ernest Luther Taylor's Motion for Release from Custody (Doc. 212). Defendant requests release pursuant to the Bail Reform Act ("BRA") 18 U.S.C. § 3142. For the reasons set forth below, defendant's motion is DENIED.

## BACKGROUND

Defendant was initially arrested on April 27, 2015, pursuant to a Criminal Complaint signed by Magistrate Judge Thomas Coffin. On the same day, Magistrate Judge Mark Clarke ordered defendant detained as both a danger to the community and flight risk. Doc. 5. Defendant was indicted on May, 8, 2015 on eight counts of

Page 1 – OPINION AND ORDER

Using A Minor To Produce Visual Depiction Of Sexually Explicit Conduct in violation of 18, United States Code, Section 2251(a). Doc 9. Since that time defendant has been held in custody. Since that time, defendant has had numerous attorney's who have withdrawn from this case for various reasons. Thought the Court previously denied defendant's initial motion to suppress (Doc. 30), defendant has also filed several additional dispositive motions through his various counsel. Docs. 49, 50, 54, 117, 118, 125. The changes in counsel have delayed consideration of those motions.

The Court heard oral argument on the present motion for release on September 30, 2020. At that hearing, the Court also set a deadline for forthcoming motions from defendant's present counsel.

## LEGAL STANDARD

The Court construes defendant's motion for release as an appeal of Magistrate Judge Acosta's order of detention. Review of a magistrate judge's release or detention order is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).

The BRA governs the detention of a defendant pending trial. 18 U.S.C. § 3142. The Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the

evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Id*.

When, as here, there is probable cause to believe that the defendant has committed an offense identified under 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of ten years or more is prescribed, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008)

If a defendant proffers evidence to rebut the presumption in favor detention, a court can then consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086.

The presumption is not erased when a defendant proffers evidence to rebut it. Instead, the presumption "remains in the case as an evidentiary finding militating

Page 3 – OPINION AND ORDER

against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.*; citing *United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir.1986).

## DISCUSSION

Defendant's main argument in favor of release is that due to underlying comorbidities he is at risk for contracting and developing severe complication should he contract COVID-19. Should he be released, defendant requests that he be allowed to reside with his mother who lives in Arizona.

Initially, the Court finds that the presumption of detention applies in this case since there is probable cause to believe that the defendant has committed an offense under 18 U.S.C. § 2251, that involves a minor victim. 18 U.S.C.A. § 3142(e)(3)(A). The Court also finds that defendant has failed to provide sufficient evidence to rebut the presumption in favor of detention or that he does not pose a danger to the community.

It is true that defendant does suffer from some underlying conditions which may exacerbate his risk of contract and developing complication from COVID-19. However, he must still meet the requirement of the BRA to be eligible for release. *See United States v. Barnes*, No. 20-30059, 2020 U.S. App. LEXIS 13830, *2 (9th Cir. Apr. 29, 2020). Here the record does not support a finding of release. Considering written submission and oral argument on this matter, the Court finds that all four factors identified in 18 U.S.C. § 3142 (g) still weigh. in favor of detention. Further,

the rebuttable presumption in favor of detention still applies in this case. Accordingly, the facts and law in the case continue to require detention.[1]

For the reasons set forth herein, defendant's motion for release is DENIED pursuant 18 U.S.C. § 3142. Defendant is granted leave to renew his motion, should his health concerns change.

IT IS SO ORDERED.

Dated this  14th  day of January, 2021.

/s/Ann Aiken
Ann Aiken
United States District Judge

---

[1] Alternatively, the Court also find that his current release plan of living with his mother in Arizona to be insufficient to ensure the safety of the community or that he would appear at future proceedings.

Page 5 – OPINION AND ORDER